## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| ANDERSON JOSE COUTINHO-SILVA | : | No. 10-002 |
| | : | |
| | : | |

### MEMORANDUM

PRATTER, J.                                          NOVEMBER 2, 2023

Anderson Jose Coutinho-Silva filed a motion pursuant to 28 U.S.C. § 2255 seeking habeas relief from his conviction under 18 U.S.C. § 924(c) for using or carrying a firearm in furtherance of a crime of violence. The Third Circuit Court of Appeals has now unequivocally vitiated the legal basis of Mr. Coutinho-Silva's argument for relief. Therefore, the Court denies his motion.

### BACKGROUND

On October 8, 2009, Mr. Coutinho-Silva robbed the Supreme Pizza and Bakery in Northeast Philadelphia at gunpoint. He walked in, pointed a loaded semiautomatic handgun at the store employee operating the cash register, and demanded that the employee give him the money in that register. As this was taking place, a customer in the store confronted Mr. Coutinho-Silva, prompting Mr. Coutinho-Silva to rip a gold chain from the customer's neck. As the employee struggled to open the cash register, this customer then threw a chair at Mr. Coutinho-Silva. Mr. Coutinho-Silva shot twice at the customer, striking him once in the chest. Though admitted to the hospital in critical condition, the customer fortunately survived his gunshot wounds.

Mr. Coutinho-Silva subsequently pled guilty to robbery which interferes with interstate commerce, using a firearm during and in relation to a crime of violence, and being an alien in possession of a firearm. 18 U.S.C. §§ 1951(a), 924(c), 922(g)(5)(A). The Court sentenced him to

207 months of imprisonment, five years of supervised release, a $1,000 fine, and a $300 special assessment ($100 for each of the three counts). At the time of his crime, Mr. Coutinho-Silva was also under state probation, having been convicted of burglary in the Philadelphia Court of Common Pleas.

In March 2016, Mr. Coutinho-Silva filed a motion to correct his sentence under 28 U.S.C. § 2255. His motion was stayed in May 2016 pursuant to an administrative order signed by former United States District Court Chief Judge Petrese B. Tucker.[1] The stay on Mr. Coutinho-Silva's § 2255 motion was lifted on November 1, 2023.

## LEGAL STANDARD

28 U.S.C. § 2255 provides federal prisoners with a statutory remedy for challenging the lawfulness of their convictions. *See United States v. Addonizio*, 442 U.S. 178, 184 (1979). A federal prisoner "may move the court which imposed [his] sentence to vacate, set aside or correct the sentence" if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was

---

[1]     The Court is aware that Mr. Coutinho-Silva has been dissatisfied with court procedures and response times for addressing the issues he raises. Although it may not seem so to Mr. Coutinho-Silva, his specific case has not been targeted for neglect or disregard. After the United States Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015), hundreds of § 2255 motions similar to Mr. Coutinho-Silva's were filed in the Eastern District of Pennsylvania. Chief Judge Tucker issued an administrative standing order staying all of those petitions until higher courts resolved the issue of whether a completed Hobbs Act robbery qualifies as a predicate § 924(c) "crime of violence." *See* Administrative Order - Johnson, "IN RE: Motions Seeking Collateral Relief on the Basis of *Johnson v. United States*, 135 S. Ct. 2551 (2015)," U.S. District Court for the Eastern District of Pennsylvania (May 16, 2016), https://www.paed.uscourts.gov/sites/paed/files/documents/locrules/adminord/Administrative_Order_-_Johnson_v._United_States.pdf. Mr. Coutinho-Silva's case was among the cases that the Federal Defenders notified the presiding judge should remain stayed pending further action from the Third Circuit Court of Appeals. *See* Letter from [now Third Circuit Court of Appeals Judge] Arianna Freeman, Managing Attorney of the Non-Capital Habeas Unit of the Federal Community Defender Office for the Eastern District of Pennsylvania, to The Honorable Gene E.K. Pratter, United States District Judge (Aug. 26, 2022) (on file with the Chambers of U.S. District Judge Gene E.K. Pratter). The Third Circuit Court of Appeals has now squarely held that a completed Hobbs Act robbery does indeed qualify as a predicate crime of violence under § 924(c). *United States v. Stoney*, 62 F.4th 108, 114 (3d Cir. 2023). Thus, Mr. Coutinho-Silva's claims are now ready to be resolved, and the stay has been lifted.

in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Such relief "is generally available only to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir. 2005).

A court may dispose of "vague and conclusory allegations contained in a § 2255 petition" without further investigation. *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Although an evidentiary hearing should be held if the record is not conclusive as to whether the movant is entitled to relief, a court "may summarily dismiss a § 2255 motion where the motion, files, and records 'show conclusively that the movant is not entitled to relief.'" *United States v. Mason*, No. 04-cr-720, 2008 WL 938784, at *1 (E.D. Pa. Apr. 4, 2008) (quoting *Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)).

An individual convicted of Hobbs Act robbery faces up to 20 years in prison. *See* 18 U.S.C. § 1951(a). If the robbery qualifies as a crime of violence under § 924(c)(3)(A), that individual faces an additional felony conviction and further punishment for the use of a firearm during the offense. *See* 18 U.S.C. § 924(c)(1)(A); *United States v. Taylor*, 142 S.Ct. 2015, 2019 (2022). To secure a conviction under § 924(c), the government must prove that the person committed a qualifying predicate crime of violence. *United States v. Galati*, 844 F.3d 152, 155 (3d Cir. 2016). A "crime of violence" is defined as "an offense that is a felony" and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

### DISCUSSION

Mr. Coutinho-Silva argues in his original § 2255 motion that his predicate crime—the completed Hobbs Act robbery—does not qualify as a crime of violence under § 924(c). In support

of his argument, Mr. Coutinho-Silva cites the Supreme Court's decision in *Johnson v. United States*, which held that part of the provision of the Armed Career Criminal Act (ACCA) defining "crime of violence" is unconstitutionally vague. *Johnson*, 576 U.S. at 597. Specifically, in *Johnson*, the Supreme Court held that the ACCA's "residual clause," which defines "crimes of violence" in part as those that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another," violates due process by failing to provide fair notice to defendants and inviting arbitrary enforcement by courts. *See id.* at 597-99.

Section 924(c)(3)(B) echoes the ACCA's unconstitutionally vague "residual clause," including within its definition of "crimes of violence" any crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Indeed, the Supreme Court has since ruled that this "residual clause" codified at § 924(c)(3)(B) is also unconstitutionally vague. *United States v. Davis*, 139 S.Ct. 2319, 2323-24 (2019). However, in *Davis*, the Supreme Court left another clause of §924(c), the so-called "elements clause" codified at § 924(c)(3)(A), intact and standing. *United States v. Stoney*, 62 F.4th 108, 111 n.2 (3d Cir. 2023).

This surviving "elements clause" of §924(c) defines a "crime of violence" as one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The Court of Appeals for the Third Circuit has squarely held that a completed Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) qualifies as a predicate crime of violence under the "elements clause" of § 924(c). *Stoney*, 62 F.4th at 114 ("We . . . hold that a completed Hobbs Act robbery is categorically a crime of violence under § 924(C)(3)(A)"). Mr. Coutinho-Silva pled guilty to a completed Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). Following *Stoney*, this conviction qualifies as a predicate crime of violence

4

under the still-valid elements clause of § 924(c). Thus, Mr. Coutinho-Silva's robbery conviction

qualifies as a crime of violence under § 924(c), and this conviction is legal.

CONCLUSION

For the foregoing reasons, the Court denies Mr. Coutinho-Silva's motion for habeas relief.

An appropriate order follows.


BY THE COURT:


GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE