IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| | : | |
| **ANDERSON JOSE COUTINHO-SILVA**, | : | No. 10-cr-00002-JMY |
| Defendant. | : | |
| | : | |
| | : | |

**MEMORANDUM**

**Younge, J.**                                                                                                        **January 14, 2025**

## I.      INTRODUCTION

Currently before this Court is Defendant Anderson Jose Coutinho-Silva's *Pro Se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 126).[1] For the reasons set forth in this Memorandum, Defendant's Motion is denied.

## II.     FACTUAL BACKGROUND

On July 25, 2011, Defendant Anderson Jose Coutinho-Silva was sentenced to 207 months of imprisonment in connection with federal robbery and firearm charges. (ECF No. 38). While in Bureau of Prison's custody, Defendant has been found guilty of numerous disciplinary infractions, including possession of a dangerous weapon, possession of drugs and alcohol, setting fires in his cell, and assault without serious injury. (ECF No. 66, p. 6-13).

Starting in 2014, and over the course of about eight years, Defendant filed five *pro se* motions for compassionate release, which were all denied by United States District Court Judge Gene E.K. Pratter. (ECF No. 81). On January 2, 2025, Defendant filed another motion for

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

1

compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 126). Specifically, Defendant requests to be released because his father is "88 years old," "he [does] not have much longer to go," and Defendant would like to "[see] him before he die[s]." (ECF No. 126). The Government opposes Defendant's request—citing the lack of an extraordinary or compelling reason warranting release. (ECF No. 127).

At present, Defendant's minimum release date is September 25, 2025. (ECF No. 127). Then, at the conclusion of Defendant's sentence, he is facing administrative deportation and removal to his native Brazil. (ECF No. 127).

## III.  LEGAL STANDARD

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act on December 21, 2018, provides, in pertinent part, that a district court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, "upon motion of the defendant," a court "may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that… **extraordinary and compelling** reasons warrant such a reduction."[2] 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The statute does not define the phrase "extraordinary and compelling" in the "threshold question that determines a person's eligibility for compassionate release." *United States v. Rutherford*, 120 F.4th 360, 365 (3d Cir. 2024) (internal citations omitted). Instead, Congress

---

[2] Prior to a defendant's motion, the statute also requires the defendant to have "fully exhausted all administrative rights." 18 U.S.C. § 3582(c)(1)(A). The Government has not contested whether Defendant has satisfied this requirement, so this Court will not address this issue. Furthermore, the Court can deny the motion on other grounds.

instructed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission, in relevant part, provides in Section 1B1.13(b) that "extraordinary and compelling" exists in the following circumstance: "the incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." U.S.S.G. § 1B1.13(b)(3)(C).

The defendant "has the burden to prove extraordinary and compelling reasons exist [to warrant compassionate release]." *United States v. Adeyemi*, 470 F. Supp. 3d 489, 512 (E.D. Pa. 2020).

## IV. DISCUSSION

Defendant's argument for compassionate release centers on his need to see his elderly father prior to his father's death. More specifically, Defendant requests immediate release because "he only [has] 8 months left to finish his sentence[] and [his] father do[es] not have 8 months left." (ECF No. 126). Defendant's familial circumstances are closest to invoking Subsection (b)(3)(C), as defined above. *See* U.S.S.G. § 1B1.13(b)(3)(C).

While this Court sympathizes with Defendant's circumstances, compassionate release in such situations is only available if (1) the defendant's parent is incapacitated; and (2) that defendant is the only available caregiver for the parent. *See United States v. Duprey*, No. 10-00101, 2024 WL 3873938, at *2 (D.N.J. Aug. 19, 2024) (denying compassionate release under U.S.S.G. 1B1.13(b)(3)(C) because the defendant failed to demonstrate "incapacity" and sole caregiver status); *see also United States v. Taylor*, No. 06-00699-3, 2024 WL 3594315, at *6 (D.N.J. July 31, 2024) (denying compassionate release under U.S.S.G. 1B1.13(b)(3)(C) because the "[d]efendant has not established himself as 'the only available caregiver for the parent.'");

*United States v. Cobb*, No. 18-576-2, 2022 WL 3083034, at *4 (E.D. Pa. Aug. 3, 2022) (denying compassionate release because the defendant "fail[ed] to establish that his mother is incapacitated" and "fail[ed] to establish he is the only available person to care for his mother."). Here, Defendant does not provide evidence that his father is incapacitated nor that he is the sole available caregiver. Therefore, Defendant has not demonstrated the "extraordinary and compelling reason" for compassionate release.

## V. CONCLUSION

For the foregoing reasons, Defendant's *Pro Se* Motion for Compassionate Release is denied without prejudice.

An appropriate Order follows.

**IT IS SO ORDERED.**

                                            BY THE COURT:

                                            /s/ John Milton Younge
                                            **Judge John Milton Younge**